# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LATRICE JOHNSON**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 24-810-JWD-RLB**

**UNITED HEALTHCARE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 12, 2024.

                                                                                    _____
                                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATRICE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-810-JWD-RLB** |
| **UNITED HEALTHCARE, ET AL.** | |

## REPORT AND RECOMMENDATION

This matter was initiated on September 27, 2024 with the filing of a complaint by Plaintiff Latrice Johnson against her prior employer, United Healthcare. (R. Doc. 1). The Plaintiff is appearing pro se. The Complaint, in its entirety, stated the following: "I LaTrice Johnson is suing United Healthcare for wrongful termination on February 6, 2024. I was employed by this Company for 6 years and they claimed I broke Company Policy and Code of Conduct. I filed complaint against them with the EEOC and have my letter for intent to sue for wrongful termination." (R. Doc. 1 at 2). Plaintiff included a right to sue letter from the EEOC. Nothing in the complaint or the right to sue letter indicated a federal cause of action or a protected activity.

Plaintiff also filed a motion to appear in forma pauperis, which the Court granted. On October 7, 2024, the Court set a Spears Hearing to take place on October 30, 2024, "to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (R. Docs. 2, 3, 4).

On October 25, 2024, Plaintiff filed an "Initial Charge of Retaliation" setting forth in much greater detail the nature of her claim against United Healthcare. (R. Doc. 6).[1] Plaintiff explains that "[t]his claim arises from the events surrounding the referral of my relative, Tabbatha Johnson, and my subsequent termination after she filed a complaint with the Equal Employment Opportunity Commission (EEOC)."

The Court conducted the Spears hearing on October 30, 2024. Plaintiff appeared as ordered. Plaintiff answered questions from the Court and provided additional information about her employment with United Healthcare, about her relationship with Tabbatha Johnson and Ms. Johnson's employment, and Plaintiff's ultimate termination. This report and recommendation is issued following that hearing.

Plaintiff alleges that in September 2023, she referred Tabbatha Johnson for employment with United Healthcare. (R. Doc. 6). Ms. Johnson was hired. Plaintiff explained at the hearing that Ms. Johnson is her cousin. Plaintiff and Ms. Johnson did not work together at United Healthcare and Plaintiff was not aware of the specifics of Ms. Johnson's employment. Plaintiff later learned "after the fact" that Ms. Johnson had been accused of wrongdoing. Ms. Johnson "filed a complaint with the EEOC alleging unfair treatment in the workplace" and was ultimately terminated. (R. Doc. 6 at 1). Plaintiff informed the Court that she had nothing to do with the EEOC complaint filed by Ms. Johnson and was not involved in anything pertaining to that complaint.

In December 2023, United Healthcare began a review of all employment referrals made by the Plaintiff. (R. Doc. 6). Although Plaintiff did know Ms. Johnson personally, she had referred others for employment whom she did not personally know. Plaintiff alleges that she was

---

[1] The undersigned will consider this filing as an amended complaint for the purpose of determining the sufficiency of the allegations in this matter.

later terminated for violating United's policy that anyone making a referral must personally know the individual being referred. Plaintiff alleges that this policy did not exist at the time she made the referrals. She claims that this was a pretextual justification, and she was actually terminated because of her association with Ms. Johnson.

In summary, Plaintiff alleges that she was subject to unlawful retaliation due to the actions of Ms. Johnson in filing an EEOC complaint.

Title VII imposes liability for unlawful retaliation where (1) the employee engaged in activity protected by Title VII, (2) the employer took adverse employment action against the employee, and (3) a causal connection exists between that protected activity and the adverse employment actions. *See Aguilar v. Arthritis Osteoporosis Center,* 2006 WL 2478476, at *5, Civil Action No. M-03-243 (S.D. Texas Aug. 25, 2006) (citing *Douglas v. DynMcDermott Petroleum Operations Co.,* 144 F.3d 364, 372 (5th Cir. 1998)).

In the present case, Plaintiff fails to satisfy the first element as she has not engaged in protected activity. Applicable in this case, an employee has engaged in protected activity when she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a); *see also Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir.1996). Plaintiff acknowledges that, at the time of any adverse employment action, she had done none of these protected activities.

There is no question that Ms. Thompson's filing of an EEOC complaint was protected by Title VII as well as other employment discrimination statutes. *See Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 n.5 (5th Cir. 1992) (noting that the "ADEA anti-retaliation provision is related to the anti-retaliation provision of Title VII, and cases interpreting the latter provision are frequently relied upon in interpreting the former" and citing cases). That protected activity,

however, was not done by the Plaintiff. In addition, Plaintiff acknowledges that she was unaware of the nature of Ms. Thompson's complaint and did not testify, assist, or participate in the handling of that complaint. Accordingly, Plaintiff's activity is not protected and thus not covered by the applicable anti-retaliation provisions.

The Fifth Circuit reached this same conclusion based on the plain language of the statute. *See Holt v. JTM Industries, Inc.,* 89 F.3d 1224, 1226 (5th Cir. 1996) (holding that there is no standing to sue for retaliation when a relative or friend engages in protected activity under the ADEA). In *Holt*, the Fifth Circuit even recognized that under their interpretation, there remained a "possible risk" that an employer will discriminate against a complaining employee's relative or friend in retaliation for the complaining employee's actions." *Id.* at 1227. Unfortunately for Plaintiff, her allegations, if true, fall within that category. Associating with a person who engages in protected activity is not itself protected activity. Because Plaintiff has not alleged she had any involvement in Ms. Thompson's protected activities or assisted or participated in any way with the investigation of that complaint, the Plaintiff does not have standing to sue.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that this matter be dismissed for failure to state a claim.

Signed in Baton Rouge, Louisiana, on November 12, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**